IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JONELLE MAYO | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:22-CV-00070 |
| | § | |
| | § | |
| LOWE'S HOME CENTERS, LLC, | § | |
| BACKYARD PRODUCTS, LLC, | § | |
| AND SHELTERLOGIC GROUP | § | |
| HOLDINGS, INC. | § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JONELLE MAYO, Plaintiff in the above entitled and numbered cause, complaining of and against LOWE HOME CENTERS, LLC, BACKYARD PRODUCTS, LLC, and SHELTERLOGIC GROUP HOLDINGS, INC., the Defendants herein, and for cause of action would respectfully show unto the Court and Jury the following:

### A.  PARTIES

1. Plaintiff, JONELLE MAYO, is an individual who resides in Harris County, Texas.

2. Defendant, LOWE'S HOME CENTERS, LLC (hereinafter "Lowe's"), is a foreign limited liability company whose managing members are domiciled in the State of North Carolina. Defendant is doing business in the State of Texas and may be served by and through its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3. Defendant, BACKYARD PRODUCTS, LLC (hereinafter "BP") is a foreign limited liability company whose managing member is domiciled in the State of Michigan. Defendant is doing business in the State of Texas and may be served by and through its registered agent for

1

service of process, Corporation Service Company d/b/a CSC-Lawyers located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4.  Defendant, SHELTERLOGIC GROUP HOLDINGS, LLC (hereinafter "SGH"), is a foreign limited liability company doing business in the State of Texas. Defendant failed to maintain a registered agent for service of process in the State of Texas. Therefore, pursuant to FRCP 4(e)(1) and Tex. Bus. Org. Code § 5.251, Defendant may be served by and through the Texas Secretary of State.

### B. JURISDICTION AND VENUE

5.  Jurisdiction in this case is proper in this Court pursuant to 28 U.S.C. § 1332(a) as this case is between citizens of different states, and the amount in controversy exceeds $75,000.00.

6.  Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), because the wrongful act or omission of Defendants occurred within this Judicial District.

### C. FACTUAL ALLEGATIONS

7.  Plaintiff would show that this lawsuit has become necessary as a result of personal injuries, which she sustained on or about April 30, 2020, when she went to the Lowe's Home Improvement store that was owned, operated, and/or controlled by Defendant Lowes and is located at 7335 FM 1960 Road. E. Humble, Texas 77346. Plaintiff went to said Lowe's store to shop.

8.  Plaintiff was perusing Lowe's selection of outside storage sheds, which were installed in the Lowe's parking lot and/or maintained by Defendants BP and/or SGH, when she lost footing due to uneven flooring and tripped and fell. Due to the fall, Plaintiff suffered injury to her neck, back, and right/left shoulder.

### D. CLAIMS FOR RELIEF

#### Premises Liability

9.  Plaintiff incorporates by reference and re-alleges paragraphs 1 through 8.

10. At the time of the incident made the basis of this suit,

   a. Plaintiff, who entered onto the Lowe's premises for the mutual benefit of both parties, was an invitee on Defendant Lowe's premises. As a result, Defendant Lowe's owed a duty of reasonable care to Plaintiff at the time of the incident made the basis of this suit.

   b. Defendant Lowe's had actual or constructive knowledge of an unsafe condition on the premises in the form of a ramp-free, unmarked, and/or unwarned of change in elevation from the floor of the display shed where Plaintiff fell and the ground;

   c. The ramp-free, unmarked, and/or unwarned of change in elevation from the floor of the subject shed and the parking-lot ground posed an unreasonable risk of harm to Plaintiff;

   d. Defendant Lowe's failed to warn of and failed to eliminate the unreasonable risk of harm;

   e. Defendant Lowe's failure to warn of or eliminate the unreasonable risk of harm proximately caused Plaintiff's injuries.

11. Defendant Lowe's is vicariously liable for the negligent acts and/or omissions of its employees via the doctrine of *respondeat superior*.

## Negligence

12. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 11.

13. At the time of the accident made the basis of this suit,

   a. Defendants BP and SGH owed a duty of reasonable care to Plaintiff to install a ramp between the entrance of the shed and the parking-lot ground to account for the change in elevation between the shed floor and the parking lot;

    b. Defendants BP and SGH owed a duty of reasonable care to Plaintiff to warn of the change in elevation between the shed floor and the parking-lot ground;

    c. Defendants BP and SGH breached these duties when they failed to build a ramp and/or warn of the elevation change; and

    d. Defendants BP and SGH's breach of their duties was a proximate cause of Plaintiff's injuries.

14. Defendants BP and SGH are vicariously liable for the negligent acts and/or omissions of their employees via the doctrine of *respondeat superior*.

15. As a result of said occurrence, Plaintiff suffered continuous pain in her back, neck, and shoulders, which resulted in not only physical pain, but also mental anguish, physical disfigurement, and physical impairment. In all reasonable probability, Plaintiff's physical pain and physical impairment will continue indefinitely. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with her injuries.

### E. DAMAGES

16. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 15.

17. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

    a. Reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

    b. Physical pain and suffering in the past, and in all reasonable medical probability, will continue to endure physical pain and suffering in the future;

    c. Physical impairment in the past and, in all reasonable medical probability, will continue to suffer physical impairment into the future; and

    d. Loss of earning capacity.

## F.  JURY DEMAND

18. Plaintiff demands a trial by jury.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, JONELLE MAYO, prays that, after trial on the merits, she have judgment against Defendants, LOWE'S HOME CENTERS, LLC, BACKYARD PRODUCTS, LLC, and SHELTERLOGIC GROUP HOLDINGS, INC/ for the following:

    a.    Sum in excess of the minimum jurisdictional limits of this Honorable Court;
    b.    Actual damages;
    c.    Pre-judgment interest and post-judgment interest at the maximum legal rate;
    d.    Costs of court; and
    e.    Any and all further relief, be it general or special, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

KOLODNY LAW FIRM, PLLC

Alan Kolodny
S.D. Tex.: 1267978
State Bar of Texas: 24056882
Attorney-in-Charge
Rashon Murrill
S.D. Tex.: 3323268
State Bar of Texas: 24110622
1011 Augusta Dr., Suite 111
Houston, Texas 77057
Telephone: (713) 532-4474
Facsimile: (713) 785-0597
Email: akolodny@fko-law.com
Email: rmurrill@fko-law.com

**ATTORNEYS FOR PLAINTIFF
JONELLE MAYO**